```
                            United States Bankruptcy Court
                            Middle District of Pennsylvania
In re:                                                        Case No. 17-00300-RNO
William David Herman                                          Chapter 13
      Debtor                   CERTIFICATE OF NOTICE
District/off: 0314-1           User: MMchugh              Page 1 of 2              Date Rcvd: Mar 13, 2017
                               Form ID: pdf002            Total Noticed: 45


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Mar 15, 2017.
db             +William David Herman,    1857 Orange Street,    York, PA 17404-5225
4877530        +Alltran Financial, LP,    PO Box 4043,   Concord, CA 94524-4043
4893788         American Express Centurion Bank,    c/o Becket and Lee LLP,    PO Box 3001,
                 Malvern  PA 19355-0701
4877531        +Ameritox, LTD,    PO Box 402166,   Atlanta, GA 30384-2166
4877532        +Amex,   Correspondence,    PO Box 981540,   El Paso, TX 79998-1540
4877533        +Applied Card Bank,    PO Box 5165,   400 White Clay Center Dr,    Newark, DE 19711-5468
4877534        +Barclays Bank Delaware,    100 South West Street,    Wilmington, DE 19801-5015
4877535        +Belden Jewelers/Sterling Jewelers,    Attn: Bankruptcy,    PO Box 1799,   Akron, OH 44309-1799
4877538       ++COLUMBIA GAS,    290 W NATIONWIDE BLVD 5TH FL,    BANKRUPTCY DEPARTMENT,    COLUMBUS OH 43215-4157
                (address filed with court: Columbia Gas,    200 Civic Center Drive,    Columbus, OH 43215)
4877536        +Capital One,   PO Box 30285,    Salt Lake City, UT 84130-0285
4877537        +Central Credit Services, LLC,    20 Corporate Hills Drive,    Saint Charles, MO 63301-3749
4877539        +Commonwealth of Pennsylvania,    45 North George Street,    York, PA 17401-1240
4877540         First Premier,    601 South Minneapolis Avenue,    Sioux Falls, SD 57104
4877541        +HD/Mattress Warehouse,    c/o Encore Receivables Management,,    PO Box 3330,
                 Olathe, KS 66063-3330
4877542        +Lori Slow,    183 South HJighland Avenue, Apt 2,    York, PA 17404-5638
4877543        +Mariner Finance, LLC,    8211 Town Center Dr,    Baltimore, MD 21236-5904
4877545         Met Ed,    Post Office Box 3687,    Akron, OH 44309-3687
4877546        +Monarch Recovery Management, Inc.,    PO Box 21089,    Philadelphia, PA 19114-0589
4877547        +New Insights II, Inc.,    716 State Street,    Lemoyne, PA 17043-1536
4881328         Nissan,   POB 660366,    Dallas, TX  75266-0366
4877548        +Nissan Motor Acceptance Corp,    Nmac/Attn: Bankruptcy,    PO Box 660360,    Dallas, TX 75266-0360
4877549        +Nissan Motor Acceptance Corp.,    PO Box 742657,    Cincinnati, OH 45274-2657
4877550        +NorthStar Location Services, LLC,    4285 Genesee Street,    Buffalo, NY 14225-1943
4877529         PA Department of Revenue,    Bureau of Individual Taxes,    Dept 280431,
                 Harrisburg, PA 17128-0431
4877552        +Propser Funding, LLC,    221 Main Street, Suite 300,    San Francisco, CA 94105-1909
4877553        +Regency Finance Compan,    3350 Paxton St Ste E,    Harrisburg, PA 17111-1476
4877555        +Scott Harper, Esquire,    1701 West Market Street,    York, PA 17404-5465
4877558        +Synchrony Bank/Old Navy,    c/o AlliedInterstate,    PO Box 361445,    Columbus, OH 43236-1445
4877562       ++TOYOTA MOTOR CREDIT CORPORATION,    PO BOX 8026,    CEDAR RAPIDS IA 52408-8026
                (address filed with court: Toyota Mtr,    Toyota Financial Services,    Po Box 8026,
                 Cedar Rapids, IA 52408)
4877563        +TRAC/CBSD,    PO Box 6497,    Sioux Falls, SD 57117-6497
4877560        +The York Water Company,    Box 15089,   130 East Market Street,    York, PA 17401-1219
4886765        +Toyota Lease Trust,    c/o Toyota Motor Credit Corporation,    PO Box 9013,
                 Addison, Texas 75001-9013
4877561        +Toyota Motor Finance,    PO Box 8026,    Cedar Rapids, IA 52408-8026
4877564        +W.Y. Borough,    c/o Santander Bank,    PO Box 12907,    Philadelphia, PA 19176-0907
4877566        +WellSpan Health,    PO Box 742641,    Cincinnati, OH 45274-2641
4877565        +Wells Fargo Bank,    Mac-F8235-02f,    PO Box 10438,    DesMoines, IA 50306-0438
4877567        +York County Adult Probation,    45 North George Street,    York, PA 17401-1240

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
4877528         E-mail/Text: cio.bncmail@irs.gov Mar 13 2017 19:02:33      Internal Revenue Service,    POB 7346,
                 Philadelphia, PA 19101-7346
4877544        +E-mail/Text: bkr@cardworks.com Mar 13 2017 19:02:28      Merrick Bank Corp,    PO Box 9201,
                 Old Bethpage, NY 11804-9001
4877551        +Fax: 407-737-5634 Mar 13 2017 19:17:35      Ocwen Loan Servicing Llc,    Attn: Research Dept,
                 1661 Worthintong Rd Ste 100,    West Palm Beach, FL 33409-6493
4880716         E-mail/Text: bnc-quantum@quantum3group.com Mar 13 2017 19:02:40
                 Quantum3 Group LLC as agent for,    Sterling Jewelers Inc,    PO Box 788,
                 Kirkland, WA  98083-0788
4888515        +E-mail/Text: n.miller@santander.us Mar 13 2017 19:03:04      Santander Bank, N.A.,
                 601 Penn Street,    10-6438-FB7,    Reading, PA 19601-3544
4877556        +E-mail/PDF: gecsedi@recoverycorp.com Mar 13 2017 19:10:05      Syncb/HH Gregg,    PO Box 965036,
                 Orlando, FL 32896-5036
4877557        +E-mail/PDF: gecsedi@recoverycorp.com Mar 13 2017 19:10:05      Synchrony Bank/Lowes,
                 PO Box 965064,    Orlando, FL 32896-5064
4877559        +E-mail/PDF: gecsedi@recoverycorp.com Mar 13 2017 19:10:06      Synchrony Bank/Walmart,
                 PO Box 965064,    Orlando, FL 32896-5064
                                                                                              TOTAL: 8

              ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
4877554         Santander Bank N.A.,    REMOVED PER ENTRY 12
                                                                                   TOTALS: 1, * 0, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.
```

***** BYPASSED RECIPIENTS (continued) *****

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 15, 2017                              Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on March 13, 2017 at the address(es) listed below:

      Charles J DeHart, III (Trustee)    dehartstaff@pamd13trustee.com, TWecf@pamd13trustee.com
      Gary J Imblum    on behalf of Debtor William David Herman gary.imblum@imblumlaw.com, gary.imblum@ecf.inforuptcy.com;carol.shay@ecf.inforuptcy.com;sharlene.miller@ecf.inforuptcy.com;bernadette.davis@ecf.inforuptcy.com;gary.j.imblum@ecf.inforuptcy.com
      James Warmbrodt   on behalf of Creditor   Toyota Lease Trust bkgroup@kmllawgroup.com
      United States Trustee    ustpregion03.ha.ecf@usdoj.gov

                                                                                                            TOTAL: 4

LOCAL BANKRUPTCY FORM 3015-1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| IN RE: | : CHAPTER 13 |
|---|---|
| William David Herman | : CASE NO. _____ |
| | : |
| | : CHAPTER 13 PLAN |
| | :     (Indicate if applicable) |
| | : ☐ # MOTIONS TO AVOID LIENS |
| | : ☐ # MOTIONS TO VALUE COLLATERAL |
| | : |
| | : ☑ ORIGINAL PLAN |
| | :    AMENDED PLAN |
| | :       (Indicate 1ST, 2ND, 3RD, etc.) |

### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

### PLAN PROVISIONS

**DISCHARGE:** (Check One)

☑   The debtor will seek a discharge of debts pursuant to Section 1328(a).

☐   The debtor is not eligible for a discharge of debts because the debtor has previously received a discharge described in Section 1328(f).

**NOTICE OF SPECIAL PROVISIONS:** (Check if applicable)

☑   This plan contains special provisions that are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. Those provisions are set out in Section 8 of this plan. Other than to insert text into the designated spaces or to expand the tables to include additional claims, the preprinted language of this form may not be altered. This does not mean that the Debtor is prohibited from proposing additional or different plan provisions in Section 8. The Debtor may propose additional or different plan provisions or specify that any of the provisions will not be applicable, provided however, that each such provision or deletion shall be set forth herein in Section 8.

1. **PLAN FUNDING AND LENGTH OF PLAN**

    A.   Plan Payments

       1.   To date, the Debtor(s) has paid $ **0.00** (enter $0 if no payments have been made to the Trustee to date). Debtor(s) shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor(s) shall make conduit payments through the Trustee as set forth below. The total base plan is **$17,875.00**, plus other payments and property stated in Section 1B below:

| Start mm/yy | End mm/yy | Plan Payment | Estimated Conduit Payment | Total Payment |
|---|---|---|---|---|
| 02/17 | 08/21 | $325.00 | 0.00 | $17,875.00 |
| 09/21 | 01/22 | $0.00 | 0.00 | $0.00 |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  | Total Payments: | $17,875.00 |

2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and the attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding accordingly. Debtor(s) is responsible for all post-petition mortgage payments due prior to the initiation of conduit mortgage payments.

3. Debtor(s) shall take appropriate action to ensure that all applicable wage attachments are adjusted to conform to the terms of the plan.

4. CHECK ONE: ☑ Debtor(s) is at or under median income
☐ Debtor(s) is over median income. Debtor(s) calculates that a minimum of $**0.00** must be paid to unsecured, non-priority creditors in order to comply with the Means Test.

B. Liquidation of Assets

1. In addition to the above specified plan payments, Debtor(s) shall dedicate to the plan proceeds in the estimated amount of $___ from the sale of property known and designated as ___. All sales shall be completed by ___. If the property does not sell by the date specified, then the disposition of the property shall be as follows: None

2. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows:

3. The Debtor estimates that the liquidation value of this estate is $**0.00**. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

2. **SECURED CLAIMS**

A. Pre-Confirmation Distributions. Adequate protection and conduit payments in the following amounts will be paid by the Debtor to the Trustee. The Trustee will disburse these payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the Debtor.

| Name of Creditor | Address | Account # | Estimated Monthly Payment |
|---|---|---|---|
| None | | | |

The Trustee will not make a partial payment. If the Debtor makes a partial plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim in this section, the Debtor's cure of this default must include any applicable late charges.

Upon receipt, Debtor shall mail to the Trustee all notices from mortgagees including statements, payment coupons, impound and escrow notices, and notices concerning changes of the interest rate on variable interest rate loans. If any such notice informs the Debtor that the amount of the payment has increased or decreased, the change in the plan payment to the Trustee will not require modification of this plan.

B. Mortgages and Other Direct Payments by Debtor. Payments will be made outside the plan according to the original contract terms, with no modification of contract terms, unless otherwise agreed to by the contracting parties, and with liens retained. All mortgage and other lien claim balances survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Contractual Monthly Payment | Principal Balance of Claim |
|---|---|---|---|
| Ocwen Loan Servicing, LLC | Residence: 1857 Orange Street, York, PA 17404 Contractual monthly payment per loan documents (estimated to be $744.60); Principal balance of claim per loan documents (estimated to be $122,370.62) | $744.60 (estimated) | $122,370.62 (estimated) |

2

Rev. 06/01/16

C.     Arrears. The Trustee shall distribute the amount of pre-petition arrearages set forth in the allowed proof of claim to each secured creditor set forth below. If the Debtor or the Trustee objects to a proof of claim and the objection is sustained, or if the plan provides for payment of amounts greater than the allowed proof of claim, the creditor's claim will be paid in the amount allowed by the court.

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Post-petition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| Ocwen Loan Servicing, LLC | Residence: 1857 Orange Street, YOrk, PA 17404<br>Pre-petition arrears per POC (estimated to be $8,707.00); Estimated total to be paid in Plan - $8,707.00 | $8,707.00 (as per POC) | $0.00 | $8,707.00 (as per POC) |

D.     Secured Claims Paid According to Modified Terms. These amounts will be paid in the plan according to modified terms, and liens retained until entry of discharge. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. THE LIENS WILL BE AVOIDED OR LIMITED THROUGH THE PLAN OR DEBTOR(S) WILL FILE AN ADVERSARY ACTION TO DETERMINE THE EXTENT, VALIDITY, AND PRIORITY OF THE LIEN (Select method in last column):

| Name of Creditor | Description of Collateral | Modified Principal Balance | Interest Rate | Total Payment | Plan* or Adversary Action |
|---|---|---|---|---|---|
| -NONE- | | | | | |

* "PLAN" INDICATES THAT THE DEBTOR(S) PROPOSES TO AVOID OR LIMIT THE LIEN OF THE CREDITOR IN THIS PLAN. CONFIRMATION OF THE PLAN SHALL CONSTITUTE A FINDING OF VALUATION PURSUANT TO SECTION 506(a). NO ADVERSARY COMPLAINT OR MOTION WILL BE FILED AND THE LIEN WILL BE AVOIDED BY A CONFIRMATION ORDER UPON DISCHARGE. IF THE CREDITOR WISHES TO CONTEST THE AVOIDANCE OF THE LIEN, THE CREDITOR MUST FILE AN OBJECTION TO THIS PLAN. OTHERWISE CONFIRMATION OF THE PLAN WILL AVOID THE LIEN UPON DISCHARGE.

E.     Other Secured Claims. (Including conduit payments)

| Name of Creditor | Description of Collateral | Principal balance of Claim | Interest Rate | Total to be paid in plan |
|---|---|---|---|---|
| The York Water Company | Residence: 1857 Orange Street, York, PA 17404 | $23.10 (as per POC) | | $23.10 (as per POC) |
| West York Borough | Residence: 1857 Orange Street, York, PA 17404 | $443.50 (as per POC) | | $443.50 (as per POC) |

F.     Surrender of Collateral. Debtor(s) surrenders the following assets to secured creditors. Upon confirmation of the plan, bankruptcy stays are lifted as to the collateral to be surrendered. This provision does not prejudice a creditor's right to move to lift the stay prior to confirmation.

| Name of Creditor | Description of Collateral to be Surrendered |
|---|---|
| -NONE- | |

G.     Lien Avoidance. The Debtor moves to avoid the following judicial and/or nonpossessory, non-purchase money liens of the following creditors pursuant to Section 522(f) (this section should not be used for statutory or consensual liens such as mortgages):

| Name of Creditor | Description of Collateral |
|---|---|
| Mariner Finance | Household Goods (NPMSI) |
| Regency Finance | Household Goods (NPMSI) |

THE DEBTOR(S) PROPOSES TO AVOID THE JUDICIAL LIEN OF THE CREDITOR(S) IN THIS PLAN. CONFIRMATION OF THE PLAN SHALL CONSTITUTE A FINDING OF VALUATION AND ALLOWANCE OF

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com      Best Case Bankruptcy

**EXEMPTIONS PURSUANT TO § 522(f). NO ADVERSARY COMPLAINT OR MOTION WILL BE FILED AND THE JUDICIAL LIEN WILL BE AVOIDED BY A CONFIRMATION ORDER UPON DISCHARGE. IF THE CREDITOR(S) WISHES TO CONTEST THE AVOIDANCE OF THE LIEN, THE CREDITOR(S) MUST FILE A TIMELY OBJECTION TO THIS PLAN. OTHERWISE, CONFIRMATION OF THE PLAN WILL AVOID THE LIEN UPON DISCHARGE.**

H. <u>Optional provisions regarding duties of certain mortgage holders and servicers.</u>
Property of the estate vests upon closing of the case, and Debtor elects to include the following provisions. (Check if applicable)

☐ Confirmation of the plan shall impose an affirmative duty on the holders and/or servicers of any claims secured by liens, mortgages and or/deeds of trust on the principal residence of the Debtor to do the following:

(1) Apply the payments received from the Trustee on the pre-petition arrearage, if any, only to such arrearage. If the plan provides for an allowed payment of post-petition arrearages as set forth in Section 2C, apply those payments to only the post-petition arrearages.

(2) Deem the pre-petition arrearage as contractually current upon confirmation of the plan for the sole purpose of precluding the imposition of late payment charges or other default-related fees and services based solely on the pre-petition default or defaults.

(3) Apply the post-petition monthly mortgage payments made by the Debtor to the post-petition mortgage obligations as provided for by the terms of the underlying mortgage note. Late charges may be assessed on post-petition payments as provided by the terms of the mortgage and note.

### 3. PRIORITY CLAIMS

A. Allowed unsecured claims entitled to priority under section 1322(a) will be paid in full unless modified under Section 8:

| Name of Creditor | Estimated Total Payment |
|---|---|
| -NONE- | |

B. <u>Administrative Claims:</u>

(1) Trustee fees. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee, not to exceed 10%.

(2) Attorney fees. Check one box:

☐ In addition to the retainer of $__ already paid by the debtor, the amount of $__ in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c).

☑ $ <u>see 8A</u> per hour, to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the requested amount of compensation approved by the Court.

(3) Other administrative claims.

| Name of Creditor | Estimated Total Payment |
|---|---|
| -NONE- | |

### 4. UNSECURED CLAIMS

A. <u>Claims of Unsecured Nonpriority Creditors Specially Classified.</u> Includes unsecured claims, such as co-signed unsecured debts, that will be paid in full even though all other unsecured claims may not be paid in full.

| Name of Creditor | Reason for Special Classification | Amount of Claim | Interest Rate | Total Payment |
|---|---|---|---|---|

| Name of Creditor | Reason for Special Classification | Amount of Claim | Interest Rate | Total Payment |
|---|---|---|---|---|
| -NONE- | | | | |

    B.    All remaining allowed unsecured claims shall receive a pro-rata distribution of any funds remaining after payment of the other classes.

5. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** The following executory contracts and unexpired leases are assumed (and pre-petition arrears to be cured in the plan) or rejected (so indicate):

| Name of Creditor | Description of Collateral | Monthly Payment | Interest Rate | Pre-petition Arrears | Total Payment | Assume/ Reject |
|---|---|---|---|---|---|---|
| Nissan Motor Acceptance Corp. | 2015 Nissan Altima | $323.00 | | $0.00 (as per POC) | | Reject |
| Toyota Motor | 2015 Toyota Corolla | $188.00 | | $0.00 (as per POC) | | Reject |

6. **REVESTING OF PROPERTY: (Check One)**
    ☐ Property of the estate will vest in the Debtor upon confirmation. (Not to be used with Section 2H)
    ☐ Property of the estate will vest in the Debtor upon closing of the case.

7. **STUDENT LOAN PROVISIONS**

(NOTE: If you are not seeking to discharge a student loan(s), do not complete this section.)

| Name of Creditor | Monthly Payment | Interest Rate | Pre-petition Arrears | Total Payment |
|---|---|---|---|---|
| -NONE- | | | | |

8. **OTHER PLAN PROVISIONS**

    A.    Include the additional provisions below or on an attachment. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)

1A.    If one of the debtors is not employed at the time of the filing of the plan, but has the ability to work, Debtor(s) will notify counsel when he (or she) returns to work, and any necessary adjustments to the plan will be made at that time.

2B.    Stated amounts are estimates. Actual amounts are to be determined in accordance with the loan documents.

2(C)    Amounts stated are estimated. Payment of the pre-petition arrearage as stated in a timely filed Proof of Claim will be made. If an objection is filed to a Proof of Claim, payment of the amount determined by the Court or as stipulated to by the parties. Debtor waives the right to object to these claims after the Plan is confirmed.

2(E)    Amounts stated are estimated. If an objection is filed to a Proof of Claim, payment of the amount determined by the Court or as stipulated to by the parties.

2F.    The collateral being surrendered is being surrendered in full satisfaction of debt.

3A.    IRS and PA Department of Revenue - The priority and/or secured portion of a timely filed allowed Proof of Claim relating to tax claims referenced on page 5 shall be paid in full through the Plan. If an objection is filed to any such claim, the amount of the unsecured priority and secured claim determined by the Court or through agreement of the parties shall be paid in full through the Plan.

Debtor may in the future provide for payment of post petition federal, state and/or local tax claims to the detriment of non priority unsecured claims.

3B(2)    Attorney fees. Debtor's counsel will bill attorney's time at $295.00 per hour associates time at $235.00 per hour and paralegal time at $135.00 per hour. Said hourly fees are subject to change upon reasonable notice to Debtor(s). Debtor's counsel will submit a Fee Application to the Court for approval of fees. Only those fees and costs approved by the Court shall be paid by the Trustee to counsel.

In addition to fees, Debtor(s) will be responsible for expenses, including photo copying, travel (where applicable), postage, court costs, filing fees, and similar expenses which are incurred by counsel in the course of performing services to the Debtor(s).

9. **ORDER OF DISTRIBUTION:**

Payments from the plan will be made by the Trustee in the following order:

Level 1: _____
Level 2: _____
Level 3: _____
Level 4: _____
Level 5: _____
Level 6: _____
Level 7: _____
Level 8: _____

If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

Level 1:  Adequate protection payments.
Level 2:  Debtor's attorney's fees.
Level 3:  Domestic Support Obligations.
Level 4:  Priority claims, pro rata.
Level 5:  Secured claims, pro rata.
Level 6:  Specially classified unsecured claims.
Level 7:  General unsecured claims.
Level 8:  Untimely filed unsecured claims to which the Debtor has not objected.

**GENERAL PRINCIPLES APPLICABLE TO ALL PLANS**

All pre-petition arrears and cramdowns shall be paid to the Trustee and disbursed to creditors through the plan.

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor. Claims filed after the bar date that are not properly served on the Trustee will not be paid. The Debtor is responsible for reviewing claims and filing objections, if appropriate.

Dated: _____

_____
Gary J. Imblum 42606
Attorney for Debtor

_____
William David Herman
Debtor